## COURT EXHIBIT 3

## VERDICT SHEET DATED 3/2/12 [941–944]

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JOSE BORGES,

          Plaintiff,

       -against-

                                       VERDICT SHEET
                                       Index Number

ALFRED PLACERES,.

                                       Index Number
          Defendant.                      530TSO4

------------------------------------------------------------X

AT LEAST FIVE JURORS MUST AGREE ON THE ANSWER TO EACH QUESTION.  THE
SAME JURORS NEED NOT AGREE ON THE ANSWER TO EVERY QUESTION

1a. Did defendant, through Idela Ivan, advise plaintiff not to attend the hearing on February 3,
1998?

Yes____✓_____          No_____

Dissenting juror, if any_____

If your answer to question 1a is yes, proceed to question 1b.  If your answer to question 1a is no,
proceed to question 2a.

1b. Did defendant depart from good and accepted standards of legal practice by advising
plaintiff, through Idela Ivan, not to appear at the hearing on February 3, 1998?

Yes____✓_____     No_____

Dissenting juror, if any_____

If your answer to question 1b is yes, proceed to question 1c.  If your answer to question 1b is no,
proceed to question 2a.



1

941

1c.  Was this departure a substantial factor in causing injury to plaintff?

Yes____✓____   No_____

Dissenting juror, if any_____

Proceed to question 2a.

2a.  Did defendant depart from good and accepted standards of legal practice by failing to appear on plaintiff's behalf at the hearing on February 3, 1998?

Yes____✓____   No_____

Dissenting juror, if any_____

If your answer to question 2a is yes, proceed to question 2b.  If your answer to question 2b is no, proceed to question 3a.

2b.  Was this departure a substantial factor in causing injury to plaintiff?

Yes____✓____   No_____

Dissenting juror, if any_____

Proceed to question 3a.

3a.  Did defendant depart from good and accepted standards of legal practice by failing to allege adequate and sufficient grounds in the motion to re-open and re-consider the in absentia order of deportation issued on February 3, 1998?

Yes____✓____   No_____

Dissenting juror, if any_____

If your answer to question 3a is yes, proceed to question 3b.  If your answer to question 3a is no, proceed to question 4a.

2

**942**

3b.  Was this departure a substantial factor in causing injury to plaintff?

Yes_____✓_____    No_____

Dissenting juror, if any_____

Proceed to question 4a.

4a.  Did defendant depart from good and accepted standards of legal practice by failing to properly file plaintiff's green card application?

Yes_____✓_____    No_____

Dissenting juror, if any_____

If your answer to question 4a is yes, proceed to item 4b.
If your answer to question 4a is no, but you have answered yes to at least one of the following questions: 1c, 2b, 3b, proceed to item 5a.
If your answer to question 4a is no, and you have not answered yes to at least one of the following questions: 1c, 2b, 3b, proceed no further and report your verdict to the court.

4b.  Was this departure a substantial factor in causing injury to plaintff?

Yes_____    No____✓_____

Dissenting juror, if any_____

If your answer to question 4b is yes, proceed to item 5a.
If your answer to question 4b is no, but you have answered yes to at least one of the following questions: 1c, 2b, 3b, proceed to item 5a.
If your answer to question 4b is no, and you have not answered yes to at least one of the following questions: 1c, 2b, 3b, proceed no further and report your verdict to the court.

5a.  State the amount of damages, if any, you award plaintiff for pain and suffering as a result of his incarceration, from the date of his incarceration, February 18, 2004, to the date of your verdict.  If you do not make an award for this item, insert the word none.

$ _600,000_

Dissenting juror, if any_____

Proceed to item 5b.

3

5b. State the amount of damages you award plaintiff for pain and suffering as a result of his incarceration, and the number of years for which your award is intended to provide compensation compensation, from the date of your verdict into the future. If you do not make an award for this item, insert the word none.

$ 300,000                       34          years

Dissenting juror, if any_____

Proceed to item 6.

6. State the amount of damages, if any, you award plaintiff for lost earnings from June, 2003, the date of his last employment with Howmet Castings, to the date of your verdict. If you do not make an award for this item, insert the word none.

$ 236,000

Dissenting juror, if any_____

Proceed to item 7.

State the amount of damages, if any, you award plaintiff for legal fees. If you do not make an award for this item, insert the word none.

$ 58,500

Dissenting juror, if any_____

REPORT YOUR VERDICT TO THE COURT.

Dated: March 2, 2012

4