ORTIZ & ORTIZ, LLP
32-72 Steinway Street, Suite 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax (718) 596-1302
Norma E. Ortiz
email@ortizandortiz.com
*Attorneys for Deborah Gibbia*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

ALFRED PLACERES,                                  Case No. 15-10691 (SMB)

                    Debtor.                         Chapter 7

-------------------------------------------------------------x

JOSE BORGES,

                    Plaintiff,                      Adv. Pro. No. 15-01356 (SMB)

-against-

ALFRED PLACERES,

                    Defendant.

-------------------------------------------------------------x

## ANSWER

Alfred Placeres ("Defendant"), through his counsel Ortiz & Ortiz, L.L.P., hereby responds to the Complaint brought herein by Jose Borges ("Plaintiff") as follows:

## JURISDICTION

1. Admitted.

2. The Defendant admits that a Section 341 meeting occurred in August 2015, but can not confirm that the meeting took place on August 23, 2015.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## PARTIES

7. The Defendant admits the Plaintiff is a native of Venezuela, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 7.

8. The Defendant admits that he has practiced immigration law for approximately 40 years in New York, and admits the allegations regarding the Plaintiff's lawsuit and judgment. The Defendant denies the remainder of paragraph 8.

9. The Defendant admits the allegation that he is a judgment debtor of the Plaintiff, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's attorney's claim for legal fees.

## FACTS

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in first sentence of paragraph 10. The Defendant denies the allegations that "Plaintiff had been placed in removal proceedings after having overstayed his student visa. At the time, Plaintiff was planning to marry his then-fiance, which would have allowed him obtain permanent residence in the US and which was thus a simple and straightforward defense to the immigration court case."

11. The Defendant is without knowledge or information sufficient to form a belief as

2

to the truth of the allegations contained in paragraph 11.

12.     The Defendant admits that the Plaintiff paid legal fees, did not meet with the Plaintiff, and provided the Plaintiff – through Ivan – a copy of a Motion to Change Venue and a Notice of Appearance, both signed by Defendant, to take to the Immigration Court for the next court hearing on January 27, 1998.  The Defendant admits that he did not attend the hearing, but denies that the Plaintiff did not consent to the Defendant's non-appearance.  The Defendant admits that the Immigration Court did not grant the motion and directed the Plaintiff to return to Court with his attorney the following week.

13.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.
The Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of paragraph 13.

14.     The Defendant admits the truth of the allegations contained in paragraph 14, except he denies the implied allegation that the signatures on the documents referred to therein are not the Defendant's signatures.

15.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, except he denies the implied allegation that the Defendant "assured that the matter would be easily rectified by Defendant," since the Defendant did not meet or speak to the Plaintiff during the event described.

16.     The Defendant admits that a  motion to reopen to reconsider was subsequently filed and admits that the motion did not provide the explanation for the Plaintiff's failure to appear was not set forth in the motion, because that information had not been provided to

3

Defendant. The Defendant objects to and denies any implied allegation that the motion was not filed by the Defendant. The Defendant admits that the motion was denied, since there were no grounds available to grant the relief requested in the motion under applicable law. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ivan informed the Plaintiff the motion had been granted.

.    17.    Admitted.

18.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, since he ceased representing the Plaintiff in 1998.

19.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, since he ceased representing the Plaintiff in 1998.

20.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, since he ceased representing the Plaintiff in 1998.

21.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, since he ceased representing the Plaintiff in 1998.

22.    The Defendant admits that the Plaintiff filed a complaint against the Defendant, and denies the remainder of the allegations contained in the paragraph.

23.    The Defendant denies the allegations contained in paragraph 23.

24.    The Defendant denies the allegations contained in paragraph 24.

25.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    The Defendant denies the allegations contained in paragraph 26.

27.    Admitted.

28. The Defendant admits that the Plaintiff commenced a civil action against him in 2004, and is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. The Defendant denies the allegations contained in paragraph 30.

31. The Defendant denies the allegations contained in paragraph 31.

32. The Defendant denies the allegations contained in paragraph 32.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. The Defendant denies the allegations contained in paragraph 35.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. The Defendant denies the allegations contained in paragraph 37.

38. The Defendant admits the allegations contained in paragraph 38, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the footnote of paragraph 38.

39. The Defendant denies the allegations contained in paragraph 39.

40. Admitted.

41. The Defendant denies the allegations contained in paragraph 41.

42. The Defendant denies the allegations contained in paragraph 42.

43. The Defendant denies the allegations contained in paragraph 43.

44. The Defendant denies the allegations contained in paragraph 44.

45. The Defendant denies the allegations contained in paragraph 45.

46. The Defendant denies the allegations contained in paragraph 46.

47. The Defendant denies the allegations contained in paragraph 47.

48. The Defendant denies the allegations contained in paragraph 48.

49. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Admitted.

51. Admitted.

52. The Defendant disagrees with the Plaintiff's characterization of the court opinion cited, and therefore denies the allegations contained in paragraph 52.

53. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Admitted.

56. The Defendant denies the allegations contained in paragraph 56.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted, except for the allegation that the Defendant has been practicing law for over 40 years.

62. The Defendant admits the allegations contained in paragraph 62, but denies the allegation that an accountant prepares his tax returns.

63. Admitted.

64. The Defendant admits the allegations contained in paragraph 64, but denies the following allegation: "Defendant claims that Mr. Torres also did all this for free as a personal favor, because they were close friends, as with Mr. Rosado and Mr. Rivera, as well as in exchange for "very good" cases that Defendant referred to him, instead of doing them himself."

65. The Defendant denies the allegations contained in paragraph 65.

66. The Defendant denies the allegations contained in paragraph 66.

67. The Defendant denies the allegations contained in paragraph 67.

68. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. The Defendant admits that he listed the two debts referred to in paragraph 69, and denies the remainder of the paragraph.

70. The Defendant denies the allegations contained in paragraph 70.

71. The Defendant denies the allegations contained in paragraph 71.

# CLAIMS FOR RELIEF

## COUNT I - DISMISSAL OF DEFENDANT'S BANKRUPTCY PETITION PURSUANT TO 11 U.S.C. §707

72. The Defendant repeats and realleges the allegations above in paragraphs 1 to 71 in response to the allegations of paragraph 72.

73. The Defendant denies the allegations contained in paragraph 73.

74. The Defendant denies the allegations contained in paragraph 74.

75. The Defendant denies the allegations of paragraph 75.

76. The Defendant denies the allegations contained in paragraph 76.

77. The Defendant denies the allegations contained in paragraph 77.

78. The Defendant denies the allegations of paragraph 78.

79. The Defendant denies the allegations of paragraph 79.

80. The Defendant denies the allegations of paragraph 80.

## COUNT II - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER 11 U.S.C. §523(A)(4)

81. The Defendant repeats and re-alleges the allegations above paragraphs 1 to 80 in response to the allegations of paragraph 81.

82. Admitted.

83. The Defendant denies the allegations of paragraph 83.

84. The Defendant denies the allegations of paragraph 84.

85. The Defendant denies the allegations contained in paragraph 85.

86. The Defendant denies the allegations of paragraph 86.

87. The Defendant denies the allegations of paragraph 87.

88. The Defendant denies the allegations of paragraph 88.

89. The Defendant denies the allegations of paragraph 89.

### COUNT III - OBJECTION TO DISCHARGE UNDER 11 U.S.C. §523(A)(4)

90. The Defendant repeats and realleges the allegations above in paragraphs 1 to 89 in response to the allegations of paragraph 90.

91. The Defendant denies the allegations of paragraph 91.

92. The Defendant denies the allegations of paragraph 92.

93. The Defendant denies the allegations of paragraph 93.

94. The Defendant denies the allegations of paragraph 94.

95. The Defendant denies the allegations of paragraph 95.

96. The Defendant denies the allegations of paragraph 96.

97. The Defendant denies the allegations of paragraph 97.

### COUNT III - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER 11 U.S.C. §727

98. The Defendant repeats and realleges the allegations above in paragraphs 1 to 97 in response to the allegations of paragraph 98.

99. The Defendant denies the allegations of paragraph 99.

100. The Defendant denies the allegations of paragraph 100.

101. The Defendant denies the allegations of paragraph 101.

102. The Defendant denies the allegations of paragraph 102.

103. The Defendant denies the allegations of paragraph 103.

**COUNT III - NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER 11 U.S.C. §523(7)**

104. The Defendant repeats and realleges the allegations above in paragraphs 1 to 103 in response to the allegations of paragraph 104.

105. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105.

106. The Defendant admits that his Schedule F was amended to list Plaintiff's attorneys fees, and denies the remainder of the paragraph.

107. The Defendant denies the allegations of paragraph 107.

## **AFFIRMATIVE DEFENSES**

*As And For A First Affirmative Defense*

108. The Complaint should be dismissed for failure to state a cause of action against Defendant upon which relief may be warranted.

*As And For A Second Affirmative Defense*

109. The Complaint fails to plead the circumstances constituting the alleged fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and Rule 7009(b) of the Federal Rules of Bankruptcy Procedure.

*As And For A Third Affirmative Defense*

110. The Plaintiff's Complaint should be dismissed, as the claims of fraud were brought and dismissed by the state court.

*As And For Fourth Affirmative Defense*

111. The Plaintiff's claims are barred by the doctrine of unclean hands.

*As And For A Fifth Affirmative Defense*

112.    The Plaintiff's claims are barred by the doctrine of res judicata.

*As And For A Sixth Affirmative Defense*

113.    The Plaintiff's claims are barred by the doctrine of collateral estoppel.

*As And For A Seventh  Affirmative Defense*

114.    The Defendant's bankruptcy petition accurately reflected the Defendant's income, debt, and assets based upon the best of the Defendant's knowledge and belief, and the advice of his counsel.

115.    From 2004 to the present, the Defendant's income did not exceed $50,000 a year.

116.    The Defendant did not pay Nestor Rosado, Walter Rivera, and Jose Luis Torres for the legal services rendered to him by those individuals.

*As And For A Eighth Affirmative Defense*

117.    The Defendant's statements to the Plaintiff, the Disciplinary Committee, and the state court were truthful.

*As And For A Ninth Affirmative Defense*

118.    Any damages sustained by the Plaintiff as a result of the Defendant's conduct resulted from non-intentional acts and or mere negligence.

*As And For A Tenth Affirmative Defense*

119.    Any claim for legal fees incurred by Plaintiff's counsel is not a fine,  penalty, or forfeiture payable to and for the benefit of a governmental unit under 11 U.S.C. § 523(a)(7).

*As And For A Eleventh Affirmative Defense*

120.    The Plaintiff appeared in Immigration Court three times, without counsel, before

11

15-01356-smb    Doc 4    Filed 11/13/15    Entered 11/13/15 21:58:43    Main Document
       Pg 12 of 13

retaining the Defendant. During those three appearances, the Plaintiff did not inform the court that "Plaintiff was planning to marry his then-fiance, which would have allowed him obtain permanent residence in the US", as set forth in paragraph 10.

121.    The Defendant had no knowledge, prior to the commencement of the legal malpractice action, that the Plaintiff asserted that Ivan instructed the Plaintiff that he should not appear before the Immigration Court on February 3, 1998. The Defendant did not instruct Plaintiff not to appear before the Immigration Court on February 3, 1998, and the Plaintiff does not dispute that fact.

122.    The Defendant filed the Motion to reopen and reconsider in an effort to help the Plaintiff, since the mere filing of the motion would serve to stay his deportation. The Defendant made the motion despite the fact that he did not believe the motion could prevail under applicable law and the facts of the case.

123.    The Defendant's actions, at all times during his representation of the Plaintiff, were designed to help the Plaintiff remain in the country and assist him. However, the Defendant's legal strategy in connection with that representation was found by a jury to have constituted legal malpractice, and nothing more.

124.    In fact, the jury's finding was based, in part, on the ruling that the Defendant was responsible for the actions of Ivan. Although the Defendant disputed that claim, the state court directed the jury to assume that the Defendant was responsible for Ivan's actions.

WHEREFORE, it is respectfully requested that the Court dismiss the Complaint or, in the alternative, award judgment on all claims therein in favor of the Defendant, and grant such other

and further relief as the Court finds just and proper, including an award of costs, disbursements, expenses and counsel fees.

Dated: Nov. 13, 2015
Astoria, New York

*/s/ Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York  11103
Tel. 718.522.1117
Fax 718.596.1302
email@ortizandortiz.com
*Counsel to Alfred Placeres*